UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

WELLS FARGO CLEARING SERVICES,        )
LLC,                                  )
                                      )
                    Plaintiff,        )
                                      )
            v.                        )        No. 1:24-cv-01623-JPH-MG
                                      )
ERIC K. HALL,                         )
                                      )
                    Defendant.        )

**ORDER GRANTING PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

Respondent Eric Hall borrowed $200,000 from Petitioner Wells Fargo Clearing Services, LLC, ("WFCS"), which was secured by a promissory note. After Mr. Hall defaulted on the note, WFCS initiated arbitration, and the arbitrator issued an award of $166,471.94 in favor of WFCS against Mr. Hall. WFCS asks the Court to confirm an arbitration award while Respondent Eric Hall seeks to vacate the award. For the reasons below, WFCS's motion for summary judgment to confirm the award is **GRANTED**. Dkt. [17].

**I.**
**Facts & Background**

Because WFCS has moved for summary judgment under Rule 56(a), the Court views and recites the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).

1

In March 2018, WFCS hired Mr. Hall as a financial advisor. Dkt. 18-3 at 42. That same month, Mr. Hall borrowed $200,000 from WFCS, which was secured by a Promissory Note. *Id.* at 83 (Promissory Note). The parties agreed to resolve any actions or claims arising from the Note through arbitration under the Rules of the Financial Industry Regulatory Authority ("FINRA"). *Id.* at 85 (Promissory Note ¶ 7).

Mr. Hall's employment ended in 2019 with an outstanding balance of $166,471.92 on the Note. Dkt. 18-1 at 2 (Barnett Decl. ¶ 4); dkt. 18-3 at 25 (WFCS Demand Letter). Under the terms of the Note, it enters default if Mr. Hall's employment with WFCS ends. *Id.* at 83 (Promissory Note ¶ 1). In a default, WFCS may "declare the entire unpaid principal balance of this Note immediately due and payable" and "exercise any and all rights and remedies available to it under applicable law with respect to the enforcement and collection of this Note." *Id.* (Promissory Note ¶ 2)

In February 2024, WFCS initiated a claim against Mr. Hall with a FINRA arbitrator. Dkt. 18-1 at 1 (Barnett Decl. ¶ 2). WFCS sent Mr. Hall a letter notifying him of the claim, and that he was required to file an answer by May 7, 2024. Dkt. 18-1 at 3 (Barnett ¶ 7); dkt. 18-3 at 63–64 (Service Letter).

Mr. Hall did not file an answer, but a letter requesting dismissal. Dkt. 18-1 at 3 (Barnett Decl. ¶ 8); dkt. 18-3 at 102–103. In response, WFCS asked FINRA whether Mr. Hall's letter should be treated as an answer or a motion to dismiss, and FINRA replied that it would be treated as a motion to dismiss. Dkt. 18-1 at 3 (Barnett Decl. ¶¶ 9, 11). An arbitrator was selected on May 28,

2024, and Mr. Hall still had not filed an answer. *Id.* at 4 (Barnett Decl. ¶ 15). Under FINRA's rules, "if the associated person does not file an answer, no initial prehearing conference or hearing will be held, and the arbitrator will render an award based on the pleadings and other materials submitted by the parties." Dkt. 18-3 at 319 (FINRA Rule 13807). On May 30, 2024, WFCS filed a request for a decision on the papers. Dkt. 18-1 at 3 (Barnett Decl. ¶ 16).

On June 2, 2024, Mr. Hall attempted to file an Answer, but FINRA rejected it under FINRA's rules because after an arbitrator is selected, no new pleading may be filed without the arbitration panel's leave. *Id.* (Barnett Decl. ¶¶ 17–18); dkt. 18-3 at 278, 280. On June 18, 2024, Mr. Hall requested leave to amend the answer he filed on June 2. Dkt. 18-1 at 5 (Barnett Decl. ¶ 19); dkt. 18-3 at 282–83. WFCS notified the arbitrator that it did not object to Mr. Hall's request to amend. 18-1 at 5 (Barnett Decl. ¶ 20).

The arbitrator heard oral arguments on Mr. Hall's motion to dismiss on August 8, 2024. *Id.* (Barnett Decl. ¶ 21). The arbitrator then denied Mr. Hall's motion to amend his answer and granted WFCS's motion for decision on the papers. *Id.* WFCS was awarded $166,471.94 plus interest and fees against Mr. Hall. Dkt. 18-3 at 294–95 (award).

WFCS brought this action to confirm the award under the Federal Arbitration Act ("FAA"), 9 U.S.C § 9. Dkt. 1. Mr. Hall filed a counterclaim to vacate the arbitration award. Dkt. 11 at 3–5. WFCS then filed a motion for summary judgment. Dkt. 17.

## II.
## Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial."  *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor."  *Zerante*, 555 F.3d at 584 (citation omitted).

## III.
## Analysis

Mr. Hall argues that the award must be vacated because the arbitrator's denial of his motion to amend his answer went "against all principles of fairness."  Dkt. 11 at 4.  WFCS contends that the award must be confirmed because Mr. Hall failed to submit any evidence to support vacatur.  Dkt. 22 at 1–2.

### A. Applicable law

WFCS filed its petition to confirm the award under the FAA, dkt. 1, while Mr. Hall's counterclaim for vacatur cites the Indiana Uniform Arbitration Act

4

("IUAA"), dkt. 11 at 4. "[T]he FAA is a substantive federal law that, through the Supremacy Clause, generally preempts conflicting state law within its sphere." *Rodgers–Rouzier v. Am. Queen Steamboat Op. Co.*, 104 F.4th 978, 985 (7th Cir. 2024). Under the FAA, a Court may vacate an arbitration award:

(1) where the award was procured by corruption, fraud, or undue means;
(2) where there was evidence partiality or corruption in the arbitrators, or either of them;
(3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of the party have been prejudiced; or
(4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a)(1)–(4). Similarly, under the IUAA, an award shall be vacated if the arbitrators "exceeded their powers and the award can not be corrected without affecting the merits of the decision upon the controversy submitted," "refused to hear evidence material to the controversy or otherwise so conducted the hearing . . . as to prejudice substantially the rights of a party," or committed "misconduct prejudicing the rights of any party." Dkt. 11 at 4 (citing Ind. Code § 34-57-2-13)). Because the relevant FAA and IUAA provisions are substantially the same, the Court analyzes the parties' arguments under the FAA.

"Judicial review of arbitration awards is tightly limited. Confirmation is usually routine or summary, and a court will set aside an arbitration award only in very unusual circumstances." *Bartlit Beck LLP v. Okada,* 25 F.4th 519,

5

522 (7th Cir. 2022).  "On procedural and evidentiary matters, federal courts defer to arbitrators' decisions so long as those decisions are reasonable."  *Id.*

### B. The arbitrator's decision

WFCS argues that the arbitration award must be confirmed because there are no grounds for vacating it under the FAA.  Dkt. 18 at 2 (citing 9 U.S.C. § 9).  Mr. Hall responds only that the award should be vacated because the arbitrator committed "wrongdoing" by denying Mr. Hall's motion to amend his answer even though WFCS agreed to the amendment.  Dkt. 21; *see* dkt. 11 at 4 (Mr. Hall's counterclaim alleging that the arbitrator's denial of the motion to amend was "beyond comprehension" and "against all principles of fairness").

A court "must grant" a motion to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in" the FAA.  9 U.S.C. § 9.  A court may vacate an award "where the arbitrators were guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of the party have been prejudiced."  9 U.S.C. § 10(a)(3).  Under this provision, "an arbitral award may be vacated where there has been a denial of fundamental fairness."  *Bartlit Beck*, 25 F.4th at 522–24.  "A fundamentally fair hearing is one that meets the minimal requirements of fairness—adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator."  *Slaney v. Intern. Amateur Athletic Fed'n*, 244 F.3d 580, 592–93 (7th Cir. 2001).

Here, the arbitrator made a procedural decision to deny Mr. Hall's motion to amend his answer after Mr. Hall did not file an answer by the deadline.  Dkt.

18-1 at 3 (Barnett Decl. ¶ 8); dkt. 18-3 at 102–103, 294–95.  On procedural decisions such as this, "federal courts defer to the arbitrators' decisions so long as those decisions are reasonable."  *Barlit Beck*, 25 F.4th at 522.  The arbitrator considered Mr. Hall's motion to amend and heard oral argument, so Mr. Hall had "an adequate opportunity to present [his] evidence and arguments" on that question.  *Slaney*, 244 F.3d at 593–593.

Mr. Hall nevertheless argues that the denial of his motion to amend was unreasonable and exceeded the arbitrator's powers because WFCS had notified the arbitrator that it agreed to the amendment.  Dkt. 21 at 2.  Mr. Hall cites no authority requiring the arbitrator to grant a motion that the opposing party does not object to.  *See id.*; *cf. Generica Ltd. v. Pharm. Basics, Inc.*, 125 F.3d 1123, 1130 (7th Cir. 1997) ("Arbitration proceedings are not constrained by formal rules or procedure or evidence.").  Instead, the arbitrator's decision satisfies the FAA's "fundamental fairness" requirement if it had "a reasonable basis."  *Barlit Beck*, 25 F.4th at 523–24.  That is the case here under FINRA's rules, which give the arbitrator discretion whether to grant a motion to amend a pleading.  Dkt. 18-3 at 305 (FINRA Rule 13309(b)) ("A party may only amend a pleading . . . if the panel grants a motion to amend.").  The arbitrator then expressly proceeded within his authority under Rule 13807, which provides that if the respondent does not file an answer, "no initial prehearing conference or hearing will be held, and the arbitrator will render an award based on the pleadings and other materials submitted by the parties."  *Id.* at 294–95, 319.

7

In short, because the arbitrator proceeded under FINRA's rules, he had "a reasonable basis" for his decision, *Barlit Beck*, 25 F.4th at 523–24, and did not exceed his powers, *see Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569 (2013) ("A party seeking relief [because the arbitrator exceed his powers] bears a heavy burden. It is not enough [ ] to show that the arbitrator committed an error—or even a serious error."); *Kinsella v. Baker Huges Oilfield Ops., LLC*, 66 F.4th 1099, 1106 (7th Cir. 2023) ("Nothing indicates that the arbitrator exceeded his powers, so we affirm the district court's denial of vacatur."). Mr. Hall therefore "was not denied a fundamentally fair proceeding." *Bartlit Beck*, 25 F.4th at 524 (affirming the district court's confirmation of an arbitration award after the respondent refused to participate in the arbitration and the panel proceeded without him). Because Mr. Hall has not shown that the arbitration award should be "vacated, modified, or corrected," the Court "must grant" WFCS's motion to confirm the award. 9 U.S.C. § 9.

## V.
## Conclusion

WFCS's motion for summary judgment to confirm the arbitration award is **GRANTED**. Dkt. [17]. Final judgment shall issue by separate entry.

**SO ORDERED**.

Date: 3/31/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

8

Distribution:

ERIC K. HALL
59 N 950 E
Greentown, IN 46936

All electronically registered counsel